**John Jay HOOKER, Plaintiff–
Appellant,**

v.

**Brook THOMPSON; Paul G. Summers;
Jeff Clark, Defendants–Appellees.**

No. 00–6582.

United States Court of Appeals,
Sixth Circuit.

Sept. 25, 2001.

Before SILER and CLAY, Circuit

Judges; GRAHAM, District Judge.*

John Jay Hooker appeals pro se from a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Hooker applied to the Tennessee Coordinator of Elections for permission to run as a candidate for the United States Senate in the 2000 Democratic primary and also as an independent candidate for the Senate in the general election. His application was denied based on a state statute that prohibits running as a primary candidate and an independent candidate for the same office in the same year, and which requires independents and party candidates to qualify by the same day. *See* Tenn.Code Ann. § 2–5–101. Hooker mainly alleged that this statute violated the Qualifications Clause and the Fourteenth Amendment of the United States Constitution. The district court dismissed the case on October 18, 2000. Hooker's motion to amend that judgment was subsequently denied, and he now appeals.

■ The district court properly found that Hooker's claim under the Qualifications Clause, was foreclosed by *Storer v. Brown*, 415 U.S. 724, 728–37, 94 S.Ct. 1274, 39 L.Ed.2d 714 (1974), which upheld the constitutionality of a similar statute in California. Hooker's arguments to the contrary are unavailing, as he has not demonstrated any meaningful distinction between the California statute that was examined in *Storer* and the Tennessee statute that is at issue here.

■ The district court properly rejected Hooker's Fourteenth Amendment claims because the disputed statute did not place a severe restriction on his ability to vote or to run for public office and because the statute is rationally related to the state's legitimate interest in conducting orderly elections. *See Burdick v. Takushi,* 504 U.S. 428, 434, 112 S.Ct. 2059, 119 L.Ed.2d 245 (1992). Hooker now argues that Tennessee law creates a protected property interest in the right of its citizens to run for office. However, any property interest that state law may have created regarding Hooker's independent candidacy was limited by the state law that prohibited him from running as an independent after his unsuccessful bid in the Democratic primary.

We have examined Hooker's other arguments and they are all lacking in merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(c), Rules of the Sixth Circuit.

* The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.